RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 3 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| IMADE ANTHONY OSARINMWIAN,<br>　　　Plaintiff | CIVIL ACTION<br>1:12-cv-02237 |
| VERSUS | |
| ERIC H. HOLDER, JR., et al.,<br>　　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Imade Anthony Osarinmwian ("Osarinmwian") filed a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), on July 5, 2012, and amended on July 13, 2012 (Doc. 5), July 27, 2012 (Doc. 7), and October 1, 2012 (Doc. 18). The named defendants are Eric H. Holder, Jr., Janet Napolitano, Scott Sutterfield, Dean Holth, Adam Austin, CEO Corp., Inc., Lasalle Detention Center, Daryl Husbands, Major Ramon/GEO, Inc., two unnamed GEO, Inc. transportation officers, LSC, Inc., the Warden of LCS, Inc., "LCS, Inc. Transportation," and unnamed LCS, Inc. transportation officials. They are sued in both their individual and official capacities (Doc. 1).

Osarinmwian alleges that, on March 20, 2012, Agent James and another agent, both from GEO, Inc., and other unnamed agents, DHS/ICE contractors, two GEO, Inc. officers, and OSC, Inc. officers beat Osarinmwian until he was unconscious, then drove him to the airport and put him on a plane flying from Alexandria, Louisiana to

New York (Doc. 1). Osarinmwian contends the beating caused internal bleeding and other injuries (Doc. 1). Osarinmwian contends that, when he arrived in New York, he was given medical care, then returned to Louisiana because he could not be released in that condition and he did not have any relatives in New York. Osarinmwian contends that, when he returned to Louisiana, he was falsely cited with refusal to board the flight for removal from New York (Doc. 1). Osarinmwian alleges claims for use of excessive force, failure to provide medical care, and false charges. For relief, Osarinmwian asks for a jury trial and monetary compensation. Osarinmwian is presently incarcerated in the Etowah County Jail in Gadsden, Alabama.

Osarinmwian filed two motions for stay of this action pending exhaustion of his administrative remedies (Docs. 14, 15), which are now before the court.

## Law and Analysis

Osarinmwian asks the court to stay this action while he exhausts his administrative remedies (Docs. 14, 15)

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through

administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Thus, federal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit. Porter, 534 U.S. at 524, 122 S.Ct. at 988. Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990.

A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint (or plaintiff's other pleadings) makes it clear that the prisoner failed to exhaust his administrative remedies. Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007), and cases cited therein. Also, Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007).

In the case at bar, Osarinmwian's motions make it clear that he has not yet exhausted his administrative remedies. Therefore, Osarinmwian's motions for a stay of this action pending exhaustion of his administrative remedies (Docs. 14, 15) should be denied and his action should be dismissed without prejudice.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Osarinmwian's motions for a stay pending exhaustion of his administrative remedies (Docs. 14, 15) be DENIED and his action be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of October 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE