RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 3 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IMADE ANTHONY OSARINMWIAN,<br>Plaintiff | CIVIL ACTION<br>1:12-cv-02237 |
| VERSUS | |
| ERIC H. HOLDER, JR., et al.,<br>Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Imade Anthony Osarinmwian ("Osarinmwian") filed a complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] on July 5, 2012, and amended on July 13, 2012 (Doc. 5) and July 27, 2012 (Doc. 7). The named defendants are Eric H. Holder, Jr., Janet Napolitano, Scott Sutterfield, Dean Holth, Adam Austin, GEO Corp., Inc., Lasalle Detention Center, Daryl Husbands, Major Ramon/GEO, Inc., two unnamed GEO, Inc. transportation officers, LSC, Inc., the Warden of LCS, Inc., "LCS, Inc. Transportation," and unnamed LCS, Inc. transportation officials. They are sued in both their individual and official capacities (Doc. 1).

---

[1] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

Osarinmwian alleges that, on March 20, 2012, Agent James and another agent, both from GEO, Inc., and other unnamed agents, DHS/ICE contractors, two other GEO, Inc. officers, and OSC, Inc. officers beat Osarinmwian until he was unconscious, then drove him to the airport and put him on an airplane flying from Alexandria, Louisiana to New York (Doc. 1). Osarinmwian contends the beating caused internal bleeding and other serious injuries (Doc. 1). Osarinmwian contends that he was given medical care after he arrived in New York, then returned to Louisiana; Osarinmwian contends he was told he could not be released in his condition and he did not have any relatives in New York. Osarinmwian contends that, when he returned to Louisiana, he was falsely charged with refusal to board the flight in New York (Doc. 1).

Osarinmwian alleges claims for use of excessive force, failure to provide medical care, and a false charge. For relief, Osarinmwian asks for a jury trial and monetary compensation. Osarinmwian is presently incarcerated in the Etowah County Jail in Gadsden, Alabama.

Osarinmwian has multiple motions pending before this court.[2]

1.

Osarinmwian filed a motion for court-appointed counsel (Doc. Item 2). Appointment of counsel in such actions is authorized only

---

[2] Osarinmwian also filed two motions to stay this action (Docs. 14, 15) which are dealt with in a separate Report and Reommendation.

2

in "exceptional circumstances." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987). In Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985), the Court stated that, although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will turn on the quality of the case, and the abilities of the individual bringing it.

The test was further elaborated in Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986), in which the court held that the presence of exceptional circumstances involved consideration of several factors, including the type and complexity of the case, the indigent's ability to adequately investigate and present his claims, and the degree of skill necessary to present the case at trial. Also, Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

A review of the record in this case does not reveal any exceptional circumstances warranting appointment of counsel. The legal issues involve the application of well established and long standing principles and the factual issues are simple. Also, Osarinmwian contends he is getting everything straightened out through the administrative remedy process (Doc. 17). Therefore, Osarinmwian's motion for appointment of counsel (Doc. 2) will be denied.

2.

Osarinmwian also filed a motion for stay of deportation (Doc. 3). Since this court does not have jurisdiction to stay Osarinmwian's removal from the United States, that motion will be denied. Osarinmwian is advised to apply to the Immigration and Customs Enforcement and/or the United States Fifth Circuit Court of Appeal for a stay of removal.

3.

Osarinmwian also filed a motion to be granted U-1 non-immigrant status (Doc. 12). This court does not have jurisdiction to grant that status, so that motion will also be denied. Osarinmwian is advised to apply to the Immigration and Customs Enforcement for a change in immigration status.

4.

Osarinmwian filed a motion for immediate release on the ground that he is working his complaints out through the administrative remedy process (Doc. 17). Since this court does not have jurisdiction to order Osarinmwian's release unless it is pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), which is inapplicable in this case, that motion is also denied.

5.

Finally, Osarinmwian filed a motion to amend his complaint (Doc. 18). Since an answer has not yet been filed, Osarinmwian does not need leave of court to amend his complaint. That motion

4

will be denied as moot.

**Accordingly,**

IT IS ORDERED that Osarinmwian's motion for appointment of counsel (Doc. 2) is DENIED.

IT IS ORDERED that Osarinmwian's motion for a stay of deportation (Doc. 3) is DENIED.

IT IS ORDERED that Osarinmwian's motion for U-1 nonimmigrant status (Doc. 12) is DENIED.

IT IS ORDERED that Osarinmwian's motion for immediate release (Doc. 17) is DENIED.

IT IS ORDERED that Osarinmwian's motion to amend his complaint (Doc. 18) is DENIED AS MOOT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2nd day of October 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE